# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA RANKER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 4:21-cv-00521-CLM |
| **MONTEREY FINANCIAL SERVICES, LLC,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Monterey Financial Services, LLC ("Monterey") sought to collect a medical debt from Patricia Ranker ("Ranker") that she allegedly owed to a different company, Medtronic. Ranker hired counsel to dispute the debt, but her subsequent credit reports did not show she disputed the debt.

Ranker now sues Monterey for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the FDCPA"). She seeks to recover actual and statutory damages, costs, and attorneys' fees. Monterey moves to dismiss Ranker's complaint on the grounds that she fails to allege that her debt is in default. For the reasons stated within, the motion to dismiss is **GRANTED** and Ranker's complaint will be **DISMISSED without prejudice**.

## STATEMENT OF THE FACTS

Monterey is a California-based debt collection agency that attempts to collect consumer debt that it does not originate. Here, Monterey sought to collect an unpaid debt from Ranker that originated with a medical company called Medtronic. Ranker obtained counsel and disputed the debt. About five months later, Ranker reviewed her TransUnion and Experian credit reports, both of which showed that Monterey reported the debt without reporting that it was in dispute. Ranker claims that this impacted her credit score, which impaired her ability to obtain credit and caused her distress.

## STANDARD OF REVIEW

Because this is a Rule 12 motion, the court accepts the allegations in Ranker's complaint as true and construes them in the light most favorable to Ranker. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether all of Ranker's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). If the facts as pleaded could entitle Ranker to relief, then the court must deny Monterey's motion to dismiss. If, however, the court accepts all of Ranker's pleaded facts as true, and Ranker still would not be entitled to relief, then the court must grant the motion. Only the complaint, attachments to the complaint, and briefs are to be considered.

## ANALYSIS

To plead a viable claim under the FDCPA, a plaintiff must provide sufficient facts to show: (1) she was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

The FDCPA defines debt collector as anyone who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This excludes anyone who obtains a debt that is not in default when they obtain it. 15 U.S.C. § 1692a(6)(F)(iii). So for Monterey to be a debt collector under the FDCPA, Ranker's debt must have been in default when they obtained it. *Id.* To successfully file a FDCPA claim, Ranker must allege in her complaint that the debt was in default when Monterey obtained it. *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014); *McWhorter v. Ocwen Loan Servicing, LLC*, 2017 WL 3315375 at 3 (N.D. Ala. Aug. 3, 2017).

Ranker claims that when she states "Defendant attempted to collect a defaulted consumer debt . . ." and "Defendant Monterey was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff," she is properly alleging that the debt was in default when Monterey obtained it (Doc. 1, ¶¶ 3, 4). Monterey argues that this is not enough to satisfy the requisite pleading standards because Ranker does not specifically state the status of the debt at the time

3

of obtainment. Neither party disputes that the debt was in default at some point. Monterey disputes that the debt was in default when they obtained it.

The court agrees with Monterey. It is not enough for the debt to be in default, it must have been in default at the time Monterey obtained it. Ranker fails to allege this with either of the statements made in her complaint. She instead asks the court to infer it, which the court does not.

In sum, Ranker's complaint does not sufficiently show that Monterey was a debt collector because it does not allege that the debt was in default when they obtained it as required by 15 U.S.C. § 1692a(6)(F)(iii). Under Rule 15, the court should grant leave to amend when justice requires. Fed. R. Civ. P. 15(a)(2). Because it does not seem that Ranker's deficiency is in bad faith, and it is possible that an amendment can repair it, the court will grant Ranker leave to amend her complaint. *Foman v. Davis*, 371 U.S. 178, 182-83 (1962); *Perez v. Wells Fargo*, 774 F.3d 1329, 1340-41 (11th Cir. 2014).

## CONCLUSION

For these reasons, the court will **GRANT** Monterey's motion to dismiss. The court will **DISMISS** Ranker's complaint **without prejudice** in a separate order.

**DONE** on August 16, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE